IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICKEY STRINGFELLOW, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:08CV00575 SWW |
| | * | |
| SOUTHFORK BAY DEVELOPMENT GROUP, LLC | * | |
| Defendant | * | |

## ORDER

Plaintiff Rickey Stringfellow ("Stringfellow") brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA") against Carl and Kathleen Samuels, Southfork Bay Development Group, LLC ("Southfork"), and John Cunningham Enterprises.[1] Before the Court are (1) Stringfellow's motion for summary judgment (docket entries #24, #25, #26, #27); Separate Defendants' response in opposition (docket entry #28, #29, #30, #31, #32, #35), and Stringfellow's reply (docket entry #33). Also before the Court are Stringfellow's motion to strike items included in Separate Defendants' response in opposition to summary judgment (docket entry #34) and Stringfellow's unopposed motion for a continuance of the trial date and

---

[1] The complaint also names Horton Construction and Development, Inc. ("Horton") as a defendant. However, Stringfellow has failed to serve Horton, presumably because doing so would have violated an automatic bankruptcy stay. *See In Re: Rodney Q. Horton and Angelia C. Horton*, No. 4:08-bk-13503 M (Bankr. E.D. Ark.)

for an amended scheduling order (docket entry #39).  After careful consideration, and for reasons

that follow, the motion for summary judgment and motion to strike will be denied, and the

motion for a continuance and amended scheduling order will be granted.

**I.**

For the purpose of summary judgment review,[2] unless stated otherwise, the following

facts are undisputed.[3]  Stringfellow suffers from multiple serious health conditions, which limit

his ability to walk and require him to use a walker or motorized wheelchair.  Stringfellow has

encountered physical barriers to his access of a newly-constructed shopping center owned by

Defendants.  After Stringfellow filed this lawsuit, he retained Kirk Tcherneshoff of Tcherneshoff

Consulting, Inc., to inspect the shopping center for ADA compliance.  Tcherneshoff inspected

---

[2]Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).   "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

[3]Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried.  "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

the shopping center on April 14, 2009 and issued a report listing 19 conditions, which he believes constitute violations of ADA standards for new construction.

## II.

Title III of the ADA provides as a general rule that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. With regard to new construction,[4] the ADA provides that "discrimination" includes "a failure to design and construct facilities . . . that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations . . . . " 42 U.S.C. § 12183(a)(1).

Title III borrows the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a), *see* 42 U.S.C. § 12188(a), which provide for a "civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order . . . . " 42 U.S.C. § 2000a-3. Thus, Stringfellow's remedy under Title III is expressly limited to injunctive relief.

A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a

---

[4]The ADA's new-construction standards apply to public accommodations designed or constructed after January 26, 1992 and to that portion of a facility altered after January 26, 1992. *See* 42 U.S.C. § 12183(a).

place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. *See Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir. 1999)(citing 42 U.S.C. § 12182(a) and (b)(2)(A)(ii)).

In response opposition to Stringfellow's motion for summary judgment, Separate Defendants Carl and Kathleen Samuels and Southfork do not dispute that Stringfellow qualifies as disabled under the ADA. They contend, however, that Carl and Kathleen Samuels owned only one of the buildings at issue, and that building was sold to Samco, Inc. ("Samco"), a non-party. According to an affidavit by Defendant Carl Samuels, the building now owned by Samco is not a place of public accommodation, and two of the complained-of barriers are located on either side of Samco's building. *See* docket entry #30. According to the separate defendants, whether Defendants have a duty to remove barriers on either side of the Samco building is a genuine issue for trial.

Defendant Carl Samuels further testifies that he has corrected items "a through s" listed on Tcherneshoff's report. According to the separate defendants, barriers to the shopping center listed in the complaint have been corrected or repaired, with the exception of the barriers located on either side of the Samco building.

Stringfellow contends that despite the alleged repairs, he is entitled to summary judgment. Additionally, he asks the Court to strike all unsupported statements of fact made by Defendants in opposition to summary judgment, and in the event that his motion for summary judgment is denied, Stringfellow requests a continuance of the trial date, set to begin April 26,

2010. Stringfellow also seeks an opportunity to conduct further discovery to determine the extent of modifications made at the shopping center. Stringfellow has informed the Court that Defendants have no objection to his requests for a continuance and a new scheduling order.

The Court finds no grounds for striking any document or statements of fact submitted by the separate defendants in opposition to summary judgment. The Court further finds that the separate defendants have come forward with sufficient evidence to defeat Stringfellow's motion for summary judgment. As indicated by Stringfellow's motion for a continuance, it is possible that at least a portion of the complained-of barriers have been removed through voluntary compliance. Additionally, based on the current record, the Court cannot say as a matter of law that Defendants' compliance efforts fail to meet Title III requirements.

It is clear that this case is not ready for trial and that additional time for discovery is needed. Accordingly, Stringfellow's unopposed motion for a continuance and amended scheduling order will be granted.

### III.

For the reasons stated, it is hereby ordered that Plaintiffs' motion for summary judgment (docket entry #24) is DENIED; Plaintiff's motion to strike (docket entry #34) is DENIED, and Plaintiff's motion for a continuance and amended final scheduling order (docket entry #39) is GRANTED. A new trial date and deadlines for discovery and dispositive motions will be set by separate order.

IT IS SO ORDERED THIS 8TH DAY OF APRIL, 2010.

UNITED STATES DISTRICT JUDGE